UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCUS SHEPPERD,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 18-CV-4847 (KMK) |
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARCUS SHEPPERD,<br><br>Defendant. | No. 11-CR-630 (KMK)<br><br><u>OPINION & ORDER</u> |

<u>Appearances</u>:

Marcus Shepherd
Lewisburg, PA
*Pro Se Petitioner*

Emily Deininger, Esq.
United States Attorney's Office
New York, NY
*Counsel for Respondent*

KENNETH M. KARAS, United States District Judge:

Marcus Shepherd ("Petitioner"), proceeding pro se, has filed a Petition for a Writ of

Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his

November 20, 2014 sentence of 150 months of imprisonment, imposed after Petitioner pled

guilty to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C.

§ 846, and one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  (*See generally* Pet. for Writ of Habeas Corpus ("Pet.") (Dkt. No. 1, Dkt. No. 18-CV-4847; Dkt. No. 1317, Dkt. No. 11-CR-630).)[1,2]  For the foregoing reasons, the Petition is denied.

I.  Background

A.  Factual Background

During the 2000s, Petitioner was member of a drug trafficking organization located in Yonkers, NY, known as the Elm Street Wolves.  (*See* Resp't's Mem. of Law in Opp'n to Pet. ("Opp'n Mem.") 1–2 (Dkt. No. 1332, Case No. 11-CR-630); *see also* Plea Tr. 18:12–16 (Dkt. No. 608, Case No. 11-CR-630).)  As part of his activities with the Elm Street Wolves, Petitioner was involved in the distribution of crack cocaine and participated in armed robberies of other narcotics dealers for crack cocaine, powder cocaine, and cash.  (*See* Opp'n Mem. 1.)  Petitioner routinely used and carried firearms in furtherance of both his drug distribution and robberies. (*See id.* at 1–2.)

On August 3, 2011, a grand jury returned a joint Superseding Indictment S1 11-CR-630 (the "Indictment") charging Petitioner and his 46 co-defendants with a total of 21 counts relating primarily to conspiracy, racketeering, and narcotics trafficking.  (*See generally* Indict. (Dkt. No. 4, Case No. 11-CR-630).)  Petitioner specifically was charged with five counts:

---

[1] Certain of the Parties' papers were filed on Petitioner's criminal docket, Case No. 11-CR-630, and certain on Petitioner's civil docket, Case No. 18-CV-4847.  The docket citations indicate on which docket each document was filed.

[2] The Court notes that the captions of both Petitioner's criminal and civil dockets contain a misspelling of Petitioner's last name.  Petitioner's criminal counsel notified this Court during Petitioner's sentencing that the correct spelling of Petitioner's last name is "Shepherd."  (*See* Sentencing Tr. 3:21–4:2 (Dkt. No. 1031, Case No. 11-CR-630).)  This correct spelling is also, of course, reflected in Petitioner's submissions on his Petition.  (*See, e.g.*, Pet., at unnumbered 13.)

(1) conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846 (Count One), (*see id.* ¶¶ 1–15); (2) possession of a firearm that was discharged in furtherance of a drug trafficking crime, namely, the narcotics conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Two), (*see id.* ¶ 16); (3) conspiracy to commit robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951 (Count Four), (*see id.* ¶¶ 18–19); (4) robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951 (Count Seven), (*see id.* ¶ 22); and (5) possession of a firearm in furtherance of a crime of violence, namely, robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 924(c)(1)(C)(i) (Count Eight), (*see id.* ¶ 23).  Petitioner was arrested pursuant to the Indictment and presented on August 9, 2011.  (*See* Dkt. (entries for Aug. 9, 2011), Case No. 11-CR-630.)

On August 22, 2012, Petitioner appeared before then-Magistrate Judge George Yanthis and pled guilty to Counts One and Two pursuant to a plea agreement with the Government.  (*See generally* Plea Tr.)  These counts carried a total statutory maximum sentence of life imprisonment and a statutory mandatory minimum sentence of ten years of imprisonment, five years of which must run consecutively to any other term of imprisonment.  (*See* Opp'n Mem. Ex. A ("Plea Agmt."), at 2 (Dkt. No. 1332-1, Case No. 11-CR-630).)  However, the plea agreement set out a stipulated guidelines range of 200 to 235 months of imprisonment.  (*See id.* at 4.)  As relevant to the instant Petition, the plea agreement also contained an appeal waiver provision, by which Petitioner agreed that he "w[ould] not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under [18 U.S.C. §§ 2255 or 2241]; nor seek a sentence modification pursuant to [18 U.S.C. § 3582(c)] of any sentence within or below the Stipulated Guidelines Range of 200 to 235 months of imprisonment."  (*Id.* at 6.)  This Court accepted Petitioner's plea allocution on January 16, 2013.  (*See* Dkt. No. 545, Case No. 11-CR-630.)

3

On November 20, 2014, Petitioner appeared before this Court for sentencing. (*See* Sentencing Tr. (Dkt. No. 1031, Case No. 11-CR-630).) This Court sentenced Petitioner to 90 months of imprisonment on Count One and 60 months of imprisonment on Count Two, which was to run consecutively to Petitioner's sentence on Count One, for a total of 150 months of imprisonment. (*See id.* at 20:21–25; *see also* Judg. 2 (Dkt. No. 1027, Case No. 11-CR-630).) The Court also imposed four years of supervised release on each count, to run concurrently. (*See* Sentencing Tr. 20:25–21:2; *see also* Judg. 3.)

Petitioner did not file a direct appeal. (*See* Opp'n Mem. 3.)

B. Procedural History

Petitioner filed the instant Petition on May 28, 2018, seeking to vacate his sentence as to Count Two in light of the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) ("*Dimaya*"). (*See generally* Pet.) On June 3, 2018, Petitioner filed a Motion to Appoint Counsel in conjunction with his Petition. (*See* Mot. to Appoint Counsel (Dkt. No. 1320, Case No. 11-CR-630; Dkt. No. 4, Case No. 18-CV-4847); *see also* Not. of Mot. to Appoint Counsel (Dkt. No. 5, Case No. 18-CV-4847).) On August 3, 2018, Respondent filed its Opposition to the Petition, (*see* Opp'n Mem.), to which Petitioner replied on August 20, 2018, (*see* Reply in Supp. of Pet. ("Reply Mem.") (Dkt. No. 1334, Case No. 11-CV-630; Dkt. No. 8, Case No. 18-CV-4847)). Petitioner appears to have filed an Amended Petition along with his Reply, which raises the same claims as the original Petition. (*See* Reply Mem., at unnumbered 15–25.)

## II.  Discussion

### A.  Standard of Review

A prisoner in federal custody may move to vacate, set aside, or correct his sentence only "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).[3] "Because collateral challenges are in 'tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack.'" *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (quoting *Ciak v. United States*, 59 F.3d 296, 301 (2d Cir. 1995)). To prevail on a collateral attack of a final judgment under § 2255, a petitioner must demonstrate either the existence of a "constitutional error . . . or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quotation marks omitted); *accord Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000); *Rodriguez v. United States*, No. 11-CV-2957, 2013 WL 6171618, at *3 (S.D.N.Y. Nov. 25, 2013), *aff'd*, 679 F. App'x 41 (2d Cir. 2017).

In ruling on a § 2255 petition, the district court is required to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Moreover, a hearing is not required where the petitioner's allegations are "vague, conclusory, or palpably incredible." *Machibroda v. United States*, 368 U.S. 487, 495 (1962). To justify a hearing, the petition "must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the petitioner] to relief." *See Gonzalez v. United States*, 722 F.3d 118,

---

[3] 28 U.S.C. § 2255(a) provides, in full:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

131 (2d Cir. 2013).  Finally, because Petitioner is appearing pro se, the Court construes the
Petition and his other submissions "liberally and interpret[s] [the] to raise the strongest
arguments that they *suggest*."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.
2006) (quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro
se complaint, however inartfully pleaded, must be held to less stringent standards than formal
pleadings drafted by lawyers." (italics and citation omitted)).

    B.  Analysis

        1.  Merits of Petition

Petitioner argues that his conviction on Count Two—under § 924(c)(1)(A)(iii)—must be
vacated in light of the Supreme Court's decision in *Dimaya*, which found that the residual clause
in 18 U.S.C. § 16(b) was unconstitutionally vague.  (*See generally* Pet.)  Specifically, Petitioner
argues that because the residual clause in § 924(c)(3)(B) is identical to the residual clause in
§ 16(b), the § 924(c) residual clause is also unconstitutional and Petitioner's § 924(c) conviction
cannot stand.  (*See id*.)  Respondent argues in opposition that the Supreme Court's decision in
*Dimaya* has no effect on Petitioner's sentence because he was not convicted pursuant to
§ 924(c)(3)(B)'s residual clause, and, in any event, that Petitioner waived his right to collaterally
challenge his conviction via his plea agreement.  (*See* Opp'n Mem 5–8.)  The Court agrees with
Respondent that *Dimaya* has no effect on Petitioner's conviction or sentence.

In *Dimaya*, the Supreme Court considered the constitutionality of the residual clause in
§ 16(b) in light of its then-recent decision in *Johnson v. United States*, 576 U.S. 591 (2015).  *See*
*Dimaya*, 138 S. Ct. at 1210.  By way of background, the Immigration and Nationality Act
("INA") provides that any alien, whether residing in the United States lawfully or unlawfully,
will be subject to deportation if convicted by an "aggravated felony" after entering the United
States.  *See id*.  A number of different cross-referenced offenses qualify as "aggravated felonies"

under the INA, including "crimes of violence" under § 16. *Id.* at 1211. Section 16 contained

two clauses, which defined a "crime of violence" as either "(a) an offense that has as an element

the use, attempted use, or threatened use of physical force against the person or property of

another" or "(b) any other offense that is a felony and that, by its nature, involves a substantial

risk that physical force against the person or property of another may be used in the course of

committing the offense." *Id.* at 1211 (quoting 18 U.S.C. § 16). These two clauses were known

as the "elements clause" and the "residual clause," respectively. *Id.*

James Dimaya, a Philippines native, was convicted of first-degree burglary under

California law and later found to be subject to removal by an immigration court, which had

determined that first-degree burglary constituted a "crime of violence" under § 16(b). *See id.*

Dimaya appealed this determination to the Ninth Circuit, and while his appeal was pending, the

Supreme Court invalidated a similarly phrased residual clause in the Armed Career Criminal Act

("ACCA") as unconstitutionally vague. *See id.* at 1211–12 (citing *Johnson*, 576 U.S. at 602–06);

*see also Johnson*, 576 U.S. at 594, 606 (invalidating the portion of the ACCA's definition of

"violent felony" that included "any crime [that] otherwise involves conduct that presents a

serious potential risk of physical injury to another"). The Ninth Circuit, relying on the Supreme

Court's decision in *Johnson*, held that § 16(b) was also unconstitutionally vague, a decision

which the Supreme Court ultimately upheld. *Dimaya*, 138 S. Ct. at 1212, 1223. The Supreme

Court reasoned that the residual clause in § 16(b), like the residual clause in the ACCA,

"'requires a court to picture the kind of conduct that the crime involves in the ordinary case, and

to judge whether the abstraction presents' some not-well-specified-yet-sufficiently-large degree

of risk," and thus, "produces, just as ACCA's residual clause did, 'more unpredictability and

arbitrariness than the Due Process Clause allows.'" *Id.* at 1216 (quoting *Johnson*, 576 U.S. at

596, 598).

Section 924(c) contains an identical residual clause to that in § 16(b), as part of its

definition of a "crime of violence." Section 924(c)(1)(A)(iii) provides:

> [A]ny person who, during and in relation to any *crime of violence* or *drug trafficking crime* . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of such a crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A)(iii) (emphases added). Thus, by its terms, a § 924(c) conviction

requires a predicate offense that qualifies as either a "crime of violence" or a "drug trafficking

crime," which are each defined elsewhere in the statute. *Id.* A "drug trafficking crime" is

defined as "any felony punishable under the Controlled Substances Act . . . , the Controlled

Substances Import and Export Act . . . , or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). And,

a "crime of violence" is defined as: "[A]n offense that is a felony and (A) has as an element the

use, attempted use, or threatened use of physical force against the person or property of another,

or (B) that by its nature, involves a substantial risk that physical force against the person or

property of another may be used in the course of committing the offense." 18 U.S.C.

§ 924(c)(3).

Petitioner argues that because the residual clause incorporated into § 924(c)'s definition

of a "crime of violence" is identical to the residual clause in § 16(b) that *Dimaya* invalidated, his

conviction cannot stand. (*See* Pet.) Petitioner is correct that § 924(c)'s residual clause is

identical to the residual clause in § 16(b), and it is for this reason that the Supreme Court

invalidated § 924(c)'s residual clause as unconstitutionally vague in *United States v. Davis*, 139

S. Ct. 2319 (2019)—a decision that was handed down after Petitioner filed the Petition. *See*

*Davis*, 139 S. Ct. at 2323–36 (finding § 924(c)(3)(B) to be unconstitutionally vague in light of *Johnson* and *Dimaya*).  However, Petitioner's § 924(c) conviction was not predicated on a "crime of violence," but rather, was predicated on a "drug trafficking crime"; namely, his conviction of conspiracy to distribute crack cocaine, in violation of the Controlled Substances Act.[4]  (*See* Judg. 1.)  As such, *Dimaya*'s invalidation of § 16(b)'s residual clause—or, for that matter, *Davis*'s invalidation of § 924(c)'s residual clause—has no impact on Petitioner's conviction.  *See Hall v. United States*, Nos. 03-CR-910, 16-CV-3519, 2022 WL 683971, at *3 (E.D.N.Y. Mar. 8, 2022) ("Though *Davis* caused some convictions to be vacated, it does not affect [the petitioner's] conviction [because] [the petitioner's] indictment and conviction are completely unrelated to § 924(c)(3)(B) [because] [the petitioner] was charged with [and convicted of] violating § 924(c) by using a firearm during and in relation to a drug trafficking crime, not a crime of violence."); *Moye v. United States*, Nos. 15-CR-607, 20-CV-3059, 2021 WL 5235049, at *3 (S.D.N.Y. Nov. 10, 2021) ("*Davis* had no impact on sentences imposed for offenses under the 'drug trafficking crime' prong of [§] 924(c)(1)(A)." (collecting cases)); *Williams v. United States*, Nos. 16-CR-256, 19-CV-11402, 2020 WL 6683075, at *2 (S.D.N.Y. Nov. 12, 2020) ("*Dimaya* and *Davis* invalidated the residual clause of § 924(c)'s definition of 'crime of violence,' but left § 924(c)'s definition of 'drug trafficking crime' intact."); *United States v. Muir*, No. 15-CR-78, 2019 WL 6117562, at *1 (S.D.N.Y. Nov. 18, 2019) ("Nothing in *Dimaya* or *Davis* impacts the definition of a drug trafficking offense.").

---

[4] Critically, Petitioner acknowledges that he was not convicted under § 924(c)'s "crime of violence" prong.  (*See* Reply Mem. 3 ("After review, [Petitioner] agree[]s with the government. His 924(c)(1)(A)(i) [sic] [conviction] does not fall under the 'crime of violence' pro[n]g.").)

Accordingly, the Petition fails on the merits.  The Court thus need not determine whether Petitioner's waiver of his right to collaterally attack his conviction mandates dismissal.[5]

## 2.  Motion to Appoint Counsel

As noted above, Petitioner has also moved for the appointment of counsel.  (*See* Mot. to Appoint Counsel.)  While a district court may appoint counsel "for any financially eligible person who is seeking relief under . . . [§] 2255" where the court determines it to be in the "interests of justice," 18 U.S.C. § 3006A(a)(2)(B), "a habeas petitioner has no constitutional right to counsel in his habeas proceeding," *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991)).  Because the Court has found that the Petition fails on the merits as a matter of law, Petitioner's motion to appoint counsel is denied.  *See, e.g.*, *Curtis v. United States*, Nos. 06-CR-413, 16-CV-3699, 2021 WL 4392265, at *3 (E.D.N.Y. Sept. 24, 2021) ("As none of [the] petitioner's claims [is] . . . likely to succeed on the merits, and [the] [p]etitioner has been able to clearly communicate his arguments to the [c]ourt, his request for counsel is denied." (quotation marks and alteration omitted)); *Hotton v. United States*, Nos. 12-CR-649, 17-CV-4440, 2019 WL 5310673, at *15 (E.D.N.Y. Oct. 21, 2019) (denying motion to appoint counsel in § 2255 proceeding because "[t]he [c]ourt f[ound] no merit to [the] [p]etitioner's claims for relief").

## III.  Conclusion

For the foregoing reasons, the Petition is dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the instant Petition and related motions, (Dkt. Nos. 1317, 1320, Case No. 11-CR-630; Dkt. Nos. 4, 5, Case No. 18-CV-4847);

---

[5] Because the Petition did not "set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [Petitioner] to relief," Petitioner is not entitled to an evidentiary hearing.  *Gonzalez*, 722 F.3d at 131.

enter judgment for Respondent in Case No. 18-CV-4847; close Case No. 18-CV-4847; and mail

a copy of this Opinion to Plaintiff at the address listed in the docket for Case No. 18-CV-4847.

SO ORDERED.

Dated:   April 5, 2022
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

11